IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| ADAM J. GOBERT, JR., ) | CASE NO. 05-33157-H3-13 |
| ) | |
| Debtor ) | |
| ) | |

MEMORANDUM OPINION

Came on for hearing the Chapter 13 Fee Application of Debtor's Counsel (Docket No. 74) filed by Reese W. Baker. After consideration of the pleadings, evidence, testimony and argument of the parties, the court makes the following Findings of Fact and Conclusions of Law granting in part and denying in part the Fee Application. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

FINDINGS OF FACT

Reese W. Baker ("Applicant") filed this Chapter 13 Fee Application requesting fees of $4,027.00 and expenses in the amount of $291.50 for his representation of Adam J. Gobert, Jr. ("Debtor") from February 16, 2005 to June 28, 2005. Docket No. 74. Applicant charges $290 per hour and the other attorneys he works with charge between $225 and $275 per hour. Although not specifically stated, it appears from Applicant's time records that paralegals are billed

at a rate that ranges from $55 and $125 per hour. The application reflects 7.3 hours of attorney time and 23.2 hours of paralegal time were expended on this case.

No objections to the fee application were filed of record. However, at the hearing on the fee application, the Chapter 13 Trustee, William E. Hetikamp ("Heitkamp"), orally opposed approval of these fees. Heitkamp's opposition is based upon the fees being excessive for the work performed and that the results obtained are not commensurate with the time expended. Heitkamp also raised the issue of Debtor's eligibility to file Chapter 13. Debtor's schedules reflect Debtor had at least $1.5 million in secured debt as of the petition date which amount exceeds the debt limits set forth in 11 U.S.C. § 109(e).[1]

Subsequent to the hearing on the fee application, Applicant filed an "Emergency Motion to Reopen The Hearing On The Chapter 13 Fee Application of Baker & Associates To Allow Additional Evidence On Issue of Eligibility." Docket No. 81. Applicant requests that the court reopen the hearing to allow additional evidence on the issue of eligibility and take judicial notice of the claims register, schedules, docket sheet, and the

---

[1] Section 109(e) provides that:
   [o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975 or an individual with regular income and such individual's spouse...may be a debtor under Chapter 13 of this title.

2

confirmed plan in the instant case. The court takes judicial notice of the above captioned bankruptcy case in its entirety, including the claims register, schedules, docket sheet, and the confirmed plan. Reopening the hearing is not a prerequisite to the court's taking judicial notice of certain facts.

This chapter 13 consumer case was filed on March 3, 2005 to prevent foreclosure on real property that the Debtor owned. It was initially assigned to Judge Wesley W. Steen and the case proceeded to confirmation of Debtor's plan on June 28, 2005. Docket No. 62. Daniel O'Connell was the Chapter 13 Trustee assigned to this case while it was pending before Judge Steen. Approximately, one year later, on June 1, 2006, the case was transferred to the undersigned Judge with William Heitkamp appointed as the successor trustee. All of the services rendered by Applicant were performed prior to the case being transferred.

Applicant received a retainer of $2,000 from the Debtor pre-petition for payment of fees incurred in this case. During the case, the docket reflects there were five motions to lift the stay, all of which were resolved by unopposed orders lifting the stay. O'Connell, the Chapter 13 Trustee serving at that time, filed two dismissal motions which were subsequently withdrawn. He also filed an Objection to Confirmation that was likewise withdrawn.

Applicant testified that Debtor owned equity in three houses and that filing Chapter 13 prevented foreclosure and provided time for Debtor to sell the properties himself. Applicant testified that each house was subject to multiple loans, and a lot of time was spent related to these transactions and attempting to devise a plan that would be confirmed. Applicant also testified that this case was complicated by the fact that the housing transactions were being investigated by the FBI and that Debtor's friend had been indicted in connection with the transactions. As such, there were a number of conversations with Debtor regarding his own potential criminal liability in connection with these transactions.

Upon a review of the filings in the instant case, it appears that Applicant is currently the only creditor in this case, although there were other secured creditors upon filing. The court notes that the secured creditors are no longer involved in the case as the automatic stay was lifted in connection with their collateral. Heitkamp informed the court that if the requested fees are approved and paid through the plan, there is barely enough money in the estate to make the payment. Further, Applicant has filed an additional fee application in the amount of $600 for services rendered post confirmation. Docket No. 78.

It is not disputed that Debtor was not eligible to file chapter 13 on the petition date as he exceeded the debt limits set out in section 109(e) of the Bankruptcy Code. Applicant testified

4

that upon filing he was unaware that the debt limits had been exceeded.  He testified that he became aware of the eligibility issue thirty to forty-five days thereafter.  No objection to Debtor's eligibility was raised by any other party.

Eligibility is not jurisdictional.  If a debtor who is ineligible for relief files a case and no party raises the issue, relief received by the debtor may not be challenged for lack of jurisdiction.  The eligibility requirements are defenses not jurisdictional requirements. *See In re Phillips*, 844 F.2d 230 (5th Cir. 1988).  Further, although eligibility can be raised as grounds for denial of confirmation, confirmation of the plan is considered res judicata for jurisdictional purposes. *See In re Lochamy*, 197 B.R. 384 (Bankr. N.D. Ga. 1995).

Counsel's services on behalf of a debtor must represent an identifiable, tangible, and material benefit to the estate with the chances of success outweighing the costs of pursuing the action, at the time the services are performed.  *In the Matter of Pro-Snax Distributors, Inc.,* 157 F.3d 414 (5th Cir. 1998).  This case was filed as a consumer case.  All of the secured claims were satisfied by surrender of the collateral.  Although the plan provides for payment of 100% of unsecured claims, there is only one unsecured creditor, with a claim in the amount of $704.71.  The only other creditor is Applicant.  Applicant has agreed to payment in full of

the other unsecured claim prior to payment of his fees.  Docket No. 81.

Applicant testified that this case was filed on an expedited basis due to an impending foreclosure.  The court finds that Applicant failed to obtain the necessary information to determine whether Debtor was eligible for relief prior to filing the bankruptcy petition.  Applicant also testified that part of the fees were for several client consultations with Debtor that pertained to Debtor's potential criminal liability.  The allowance of reasonable compensation to debtor's attorney, pursuant to section 330(a)(4)(B), is limited by the fact that the services rendered must be for representation of the interests of the debtor *in connection with the bankruptcy case* (emphasis added).  The court finds that the services related to Debtor's potential criminal liability, viewed as of the time they were rendered, were not necessary in connection with, and did not confer a benefit in connection with, Applicant's representation of Debtor's interest in this bankruptcy case.

The court has reviewed the time records and list of expenses of the Applicant submitted in support of its fee application.  The Applicant did perform some standard services in the instant case.  Applicant prepared the schedules and Chapter 13 plan.  Applicant or an attorney from his office appeared at the creditors' meeting, hearings on motions for relief from stay and dismissal motions, and at the hearing on confirmation.

After consideration of the Chapter 13 Trustee's objection, the testimony of Reese Baker, the description of the services rendered and the results obtained, the court reduces the requested fees of the Applicant. The court awards attorneys' fees in the amount of $2,000 and costs in the amount of $291.50.

## CONCLUSIONS OF LAW

Section 109 is a rule governing eligibility for relief. It is not characterized in terms of venue or jurisdiction by the statute itself, and it is clear that it is not jurisdictional. *Promenade Nat'l Bank v. Phillips (In the Matter of Phillips)*, 844 F.2d 230 (5th Cir. 1988).

Section 330(a)(4)(B) of the Bankruptcy Code provides that,

> [i]n a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

These other factors include the time and amount spent on such services, the rates charged for such services, whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of the case, whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and whether the compensation is reasonable based on the customary compensation charged by comparably

skilled practitioners in cases other than bankruptcy cases. 11 U.S.C. § 330(a)(3); *see also Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

Section 329(a) of the Bankruptcy Code requires that any attorney representing a debtor file "a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation." 11 U.S.C. § 329(a).

The disclosure requirements are imposed because, *inter alia*, there are instances in which debtors will not object to their attorney's fee applications because they may be in no position to make an objective judgment as to the value of the legal services involved, and may lack the inclination to object to whatever fee is requested. *Halbert v. Yousif*, 225 B.R. 336 (E.D. Mich. 1998).

The bankruptcy court has an independent duty to review fee applications, notwithstanding the absence of objections by the United States trustee, creditors, or any other interested party. *In re Busy Beaver Building Centers*, 19 F.3d 833 (3rd Cir. 1994). *See In re Nucorp Energy, Inc.*, 764 F.2d 655, 657 n. 1 (9th Cir. 1985); *In re Wilde Horse Enter., Inc.*, 136 B.R. 830, 839-40 (Bankr. C.D. Cal. 1991); 11 U.S.C. § 330(a)(1); Bankruptcy Rule 2016.

Professional services must be of value to the administration of the estate or of benefit to the estate in order to be compensable. *In re Chapel Gate Apartments, Ltd.*, 64 B.R. 569 (Bankr. N.D. Tex. 1986). Courts in the Fifth Circuit use the lodestar method to calculate attorneys' fees. *Shipes v. Trinity Industries,* 987 F.2d 311, 319-20 (5th Cir.) *cert. denied*, 510 U.S. 991, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993). After determining the lodestar amount, the court may adjust the lodestar up or down in accordance with the relevant factors not already included in the lodestar. *Johnson,* 488 F.2d, at 717-719.

The court should not have to guess or spend excessive court time to justify a fee for an applicant who has not done so for himself or herself. The court is not required to audit time records in order to attempt to determine what was reasonable, what was necessary, and what the result was for each endeavor. *In re Chicago Lutheran Hospital Association*, 89 B.R. 719, 736 (Bankr. N. D. Ill. 1988). Rather than implementing reductions on a "line by line" basis, and without expending extensive court resources to track down every entry, as well as making a line by line disallowance of those entries that are insufficiently substantiated, one court has taken a "rough justice" approach. *See In re Bank of New England Corp.*, 134 B.R. 450 (Bankr. E.D.Mass. 1991).

Based upon the above findings and conclusions, the court will enter a separate Judgment in conjunction with this Memorandum

Opinion denying in part and granting in part the requested fees. The expenses incurred are awarded to Applicant.

      Signed at Houston, Texas on this 4th day of December, 2006.

                                         _____
                                         LETITIA Z. CLARK
                                         UNITED STATES BANKRUPTCY JUDGE